UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ISAAC LEWIS, | Case No. 2:22-cv-00802-ART-NJK |
| Petitioner, | ORDER |
| v. | |
| RUEBART, | |
| Respondents. | |

Petitioner Isaac Lewis, a *pro se* Nevada prisoner, commenced this habeas action by filing a Petition for Writ of Habeas Corpus (ECF No. 1-1). This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases,[1] as well as consideration of Petitioner's Application for Leave to Proceed *in forma pauperis* ("IFP")(ECF No. 1) and Motion for Appointment of Counsel (ECF No. 1-2).

**Background**

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. Boyd v. Thompson, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

Lewis challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court"). *State of Nevada v. Isaac Lewis*,

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

1

Case No. C-15-311294-2.[2] On January 19, 2018, the state court entered an amended judgment of conviction for conspiracy to commit robbery, burglary, three counts of robbery with use of a deadly weapon, burglary while in possession of a firearm, battery with use of a deadly weapon resulting in substantial bodily harm, attempt murder with use of a deadly weapon, and preventing or dissuading a witness from testifying or producing evidence. The Nevada Supreme Court affirmed the conviction.

On November 6, 2019, Lewis filed a state petition for writ of habeas corpus. *Isaac Lewis v. Warden Gittere*, Case No. A-19-804980-W. The state court denied post-conviction relief. Lewis filed a post-conviction appeal. A review of the Nevada appellate court's electronic filing database reveal that Lewis's post-conviction habeas appeal proceedings are still pending and briefing is currently in progress. On May 15, 2022, Lewis initiated this federal habeas corpus proceeding *pro se*. (ECF No. 1-1.)

## Discussion

### I. Application to Proceed *In Forma Pauperis*

The Court has considered Petitioner's IFP application along with the attached financial documents and concludes that he cannot pay the $5.00 filing fee. The IFP application will therefore be granted.

### II. Motion for Appointment of Counsel

Lewis requests appointment of counsel to assist him in this habeas action. (ECF No. 1-2.) There is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida,* 549 U.S. 327, 336–37 (2007)). An indigent petitioner

---

[2] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. The docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and at: http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

2

may request appointed counsel to pursue habeas relief. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *Id.* § 3006A(a)(2) (authorizing appointment of counsel "when the interests of justice so require"). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is so uneducated that he is incapable of fairly presenting his claims. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

The Court finds that appointment of counsel is in the interests of justice taking into account, *inter alia*, the lengthy sentence structure and the number and complexity of potential claims. In addition, Lewis indicates that there is a post-conviction state court proceeding pending before the Nevada Supreme Court. (ECF No. 1-1 at 2.) Given the myriad of potential procedural obstacles Lewis's situation presents, request for appointment is accordingly granted.

It is therefore ordered that Petitioner Isaac Lewis's Application for Leave to Proceed *in forma pauperis* (ECF No. 1) is granted.

It is further ordered that Petitioner's Motion for Appointment of Counsel (ECF No. 1-2) is granted.

It is further ordered that the Federal Public Defender is provisionally appointed as counsel and will have 30 days to undertake direct representation of Petitioner or to indicate the office's inability to represent Petitioner in these proceedings. If the Federal Public Defender is unable to represent Petitioner, the Court will appoint alternate counsel. The counsel appointed will represent Petitioner in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance.

It is further ordered that any deadline established and/or any extension

thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, I make no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz,* 729 F.3d 1225, 1235 (9th Cir. 2013).

It is further ordered that the Clerk of the Court is directed to add Aaron Ford, Attorney General of the State of Nevada, as counsel for Respondents and to provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only. Respondents' counsel must enter a notice of appearance within 21 days of entry of this order, but no further response will be required from Respondents until further order of the Court.

It is further ordered that the Clerk of the Court will send a copy of this order to the *pro se* petitioner, the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division.

DATED THIS 21st day of June 2022.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

4